**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**DOROTHY AVANCE**                                                                                        **PLAINTIFF**

**v.**                                              **NO. 2:08CV00166 WRW/BD**

**MICHAEL J. ASTRUE, Commissioner,**
**Social Security Administration,**                                                          **DEFENDANT**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections:**

        This recommended disposition has been sent to United States District Judge William

R. Wilson, Jr.  Within fourteen (14) days after being served with a copy of the recommended

disposition, any party may serve and file with the Clerk of this Court specific written

objections to the proposed findings and recommendations.  A copy of the objections must be

served on the opposing party, who may respond within fourteen (14) days after being served.

The District Judge may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the Magistrate Judge with instructions.  See Fed. R.

Civ. P. 72(b); Local Rule  72.1(VIII)(C), Rules of the United States District Court for the

Eastern District of Arkansas.

**II.     Procedural History:**

        Plaintiff, Dorothy Avance, appeals the final decision of the Commissioner of the

Social Security Administration to deny her claim for Disability Insurance benefits and

Supplemental Security Income, based on disability.  After conducting two administrative

hearings,[1] the Administrative Law Judge[2] (ALJ) concluded that Plaintiff had not been under

---

        [1] There was a third administrative hearing, but no testimony was taken; Plaintiff's
attorney did not show up at the hearing, so the ALJ allowed Plaintiff time to find another
representative.  (Tr. 628-32)

        [2] The Honorable David J. Manley.

a disability within the meaning of the Social Security Act at any time through June 1, 2007,

the date of his decision.  (Tr. 29-30)  On June 26, 2008, the Appeals Council received and

considered additional evidence, but denied Plaintiff's request for a review of the ALJ's

decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 7-10)

Plaintiff then filed her complaint initiating this appeal.  (Docket #2)  Both parties have

submitted appeal briefs and the case is ready for decision.

### III.   Standard of Review:

The Court's function on review is to determine whether the Commissioner's decision

is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser*

*v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir.

1997); see also 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reutter ex rel. Reutter v. Barnhart*, 372

F.3d 946, 950 (8th Cir. 2004)("Substantial evidence is less than a preponderance but is

enough that a reasonable mind would find it adequate to support the decision").

In assessing the substantiality of the evidence, the Court must consider both evidence

that detracts from and evidence that supports the Commissioner's decision.  *England v.*

*Astrue*, 490 F.3d 1017, 1019 (8th Cir. 2007) (internal quotation omitted).  If substantial

evidence supports the decision, the Commissioner's decision may not be reversed, even if

inconsistent conclusions may be drawn from the evidence, and even if the court might have

reached a different outcome.  *England*, 490 F.3d at 1019.  Thus, the only issue before this

Court is whether the Commissioner's decision that Plaintiff was not disabled within the

meaning of the Act is supported by substantial record evidence.

For purposes of the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3); 1382c(a)(3)(D).

Plaintiff alleged that she was limited in her ability to work by carpal tunnel syndrome on the right, arthritis and asthma.  (Tr. 171, 179)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.

**IV.   Background:**

Plaintiff was thirty-nine years old at the time of the supplemental hearing.  (Tr. 682) She was a high school graduate with one year of college and additional training as a certified nurse's aide.  (Tr. 642)  She had past relevant work as a blackjack dealer and a van driver. (Tr. 19, 190-97, 642-43)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled an impairment listed in the Listing of Impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from doing past relevant work.  If the claimant has sufficient residual functional capacity to perform past relevant work, the inquiry ends and benefits are denied.  20 C.F.R.  §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the claimant cannot perform past relevant work, the ALJ proceeds to

3

Step 5, which requires a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, §§ 404.1520(a)(4)(v); 416.920(a)(4)(v) . If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff had engaged in substantial gainful activity in 2002, but not thereafter.[3] (Tr. 20)  He found Plaintiff had a "severe" impairment, but that she did not have an impairment or combination of impairments that met or equaled a Listing. *Id.*  He judged that Plaintiff's allegations regarding her limitations were not totally credible.  (Tr. 24, 25)

The ALJ found that Plaintiff retained the residual functional capacity for a reduced range of light work.  (Tr. 26, 27)  He found she was unable to perform any of her past relevant work.  (Tr. 28)  He correctly noted that once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work.  *Id.*

Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, information clerk for a hotel, large bank or rest area.  *Id.*  Thus, the ALJ concluded that Plaintiff was not disabled.  (Tr. 29)

---

[3] Plaintiff alleged an onset of disability of May 6, 2001.  (Tr. 20)  She alleged that she stopped working October 20, 2002.  (Tr. 172)  Plaintiff also testified that she worked forty hours a week at $8.50 an hour for nine months in 2004.  (Tr. 643)  It is unclear why that was not also substantial gainful activity.  The amount she earned was significantly more than the amount presumed to show substantial gainful activity in 2004, $810 a month.  20 C.F.R. § 404.1574(b)(2), § 416.974(b)(2)(ii) (2005); www.ssa.gov/OACT/COLA/sga.html; *Dukes v. Barnhart*, 436 F.3d 923, 927 (8th Cir. 2006).

## V.    Discussion:

Plaintiff challenges the ALJ's finding that her subjective complaints were not fully

credible.  (Br. 4-5)  The ALJ evaluated Plaintiff's subjective complaints expressly in light of

*Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).[4]  (Tr. 24-27)

> The absence of an objective medical basis which supports the degree of
> severity of subjective complaints alleged is just one factor to be considered in
> evaluating the credibility of the testimony and complaints.  The adjudicator
> must give full consideration to all of the evidence presented relating to
> subjective complaints, including the claimant's prior work record, and
> observations by third parties and treating and examining physicians relating to
> such matters as:
>
> > 1.  the claimant's daily activities;
> >
> > 2.  the duration, frequency and intensity of the pain;
> >
> > 3.  precipitating and aggravating factors;
> >
> > 4.  dosage, effectiveness and side effects of medication;
> >
> > 5.  functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective
> complaints solely on the basis of personal observations.  Subjective complaints
> may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability.  No

evaluations showed medical conditions that were disabling.  Furthermore, inconsistencies

between the medical evidence and Plaintiff's subjective complaints gave reason to discount

those complaints.  *Casey v. Astrue*, 503 F.3d 687, 695 (8th Cir. 2007); *Richmond v. Shalala*,

23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in

support of Plaintiff's allegations, the lack of more treatment, Plaintiff's daily activities, her

---

[4]  The ALJ also cited Social Security Ruling 96-7p.  (Tr. 24)  That Ruling tracks *Polaski* and
20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) and elaborates on them.

poor work record, her functional capabilities, the lack of greater restriction placed on

Plaintiff by her physicians and her application for unemployment benefits during the period

she alleged disability, the ALJ could rightly discount Plaintiff's subjective complaints.  See,

*e.g.*, *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)  (ALJ may discount subjective

complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d

1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as

a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all

evidence relating to subjective complaints, ALJ may discount complaints if there are

inconsistencies in evidence as a whole).

Plaintiff cites *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004) for the

proposition that the ALJ was required to accept the claimant's own description of her pain

and limitations.  (Br. 5)  That is not what *Masterson* says, and that is not the law.  To the

contrary, the Commissioner must consider Plaintiff's complaints of pain, but has a statutory

duty to assess the credibility of a claimant along with that of other witnesses.  *Nelson v.*

*Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992).

Plaintiff acknowledged that she worked in 2002 and 2004, after her alleged onset

date.  Plaintiff's work activity during the period that she alleges disability supports the ALJ's

conclusion that she was not disabled.  See *Dunahoo v. Apfel*, 241 F.3d at 1039 (seeking

work and working while applying for benefits inconsistent with complaints of disabling

pain); *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996)(return to past work undercuts

complaints of inability to perform any work); *Roe v. Chater*, 92 F.3d 672, 677 (8th Cir.

1996)(actual activities, including work, incongruous with contention that cannot work);

*Comstock v. Chater*, 91 F.3d 1143, 1147 (8th Cir. 1996)(work activity belies claim of

disabling pain); *Cruze v. Chater*, 85 F.3d 1320, 1324 (8th Cir. 1996)(active lifestyle and

performance of odd jobs tend to prove claimant can work); *Piepgras v. Chater*, 76 F.3d 233,

236 (8th Cir. 1996)(wide range of activities, including working two days a week, supports finding of no disability); *Bentley v. Chater*, 52 F.3d 784, 786 (8th Cir. 1995)(seeking work incompatible with disability); *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)(intention to work tends to prove ability to work); *Starr v. Sullivan*, 981 F.2d 1006, 1008 n.3 (8th Cir. 1992)(even though not substantial gainful activity, work activity determinative of capacity for work); *Thompson v. Sullivan*, 878 F.2d 1108, 1110 (8th Cir. 1989)(any work during claimed disability may show capacity for substantial gainful activity).

Plaintiff testified that she had had two carpal tunnel syndrome surgeries on her right hand. (Tr. 644)  The ALJ noted the record reflected only one carpal tunnel syndrome surgery. (Tr. 25)  Plaintiff contends the ALJ overlooked an earlier wrist surgery in 1995. (Br. 4)  The 1995 surgery was not carpal tunnel syndrome surgery, but rather the removal of a recurrent ganglion cyst.[5]  (Tr. 428)

In November of 2004, Plaintiff received a spinal accessory nerve block. (Tr. 461) The doctor noted, "The patient had 100 percent release of the muscle spasm.  Range of motions almost 100 percent normal.  The patient was very excited and thankful and was discharged in satisfactory condition." *Id.*

Between the two administrative hearings, the ALJ sent Plaintiff to a consultative orthopedic evaluation by Patricia A. Knott, M.D. (Tr. 580-88)  Dr. Knott's examination revealed that Plaintiff's motor strength was 5/5[6] throughout bilateral upper extremities with a slight decrease in right hand grasp. (Tr. 582)  Plaintiff had good strength throughout her

---

[5] The ALJ noted that a second carpal tunnel syndrome surgery was recommended, but that Plaintiff failed to pursue it. (Tr. 25)

[6] One useful scale for grading muscle strength assigns *0* to no visible muscle contraction, *1* to trace movement, *2* to limb movement when gravity is eliminated, *3* to movement against gravity but not resistance, *4* to movement against resistance supplied by the examiner and *5* to normal strength. The Merck Manual 1751 (18th ed. 2006).

bilateral lower extremities.  *Id.*  She had good range of motion throughout all of her joints. *Id.*  She walked with a slight limp on the right.[7]  *Id.*  She was unable to toe walk on the right, but could heel walk.  *Id.*  Dr. Knott also completed a Medical Source Statement of Ability to do Work-related Activities (Physical).  (Tr. 585-88)  The limitations assessed by Dr. Knott are consistent with the ALJ's residual functional capacity determination.  (Tr. 26, 27, 28-29)

Plaintiff testified that she last smoked marijuana in 1999.  (Tr. 648)  However, she told one doctor in May, 2001, that she used marijuana every other day.  (Tr. 573)  In April, 2004, she tested positive for THC.  (Tr. 482)  In November of 2004, she admitted to another doctor that she used marijuana.  (Tr. 460)

The ALJ's credibility analysis was proper.  He followed the law and regulations, made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints.  *E.g.*, *Finch v. Astrue*, 547 F.3d 933, 935-36 (8th Cir. 2008); *Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996).  His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence.  *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.

## VI.  Conclusion:

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the]

---

[7]  She had recently had surgery on her right foot.  (Tr. 580)

conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; see also

*Reutter ex rel. Reutter v. Barnhart*, 372 F.3d at 950.  The Commissioner's decision is not

based on legal error.

  For these reasons, the Court hereby recommends that the District Court affirm the

final determination of the Commissioner and dismiss Plaintiff's complaint with prejudice.

  DATED this 21st day of May, 2010.

_____

UNITED STATES MAGISTRATE JUDGE